IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02560-CMA-KLM

TRAVIS E. SANDLIN,

            Plaintiff,

v.

PAUL GARCIA,
MARC BOLT,
JASON ZWIRN,
KEVIN MILYARD, and
CAROL SOARES,

            Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

        This matter is before the Court on Defendants' **Motion to Dismiss** [Docket No. 21;

Filed February 11, 2011] (the "Motion").  On February 22, 2011, Plaintiff, who is proceeding

*pro se*, filed a Response [Docket No. 23] in opposition to the Motion.  Pursuant to 28 U.S.C.

§ 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion has been referred to this Court for

a recommendation regarding disposition.  The Court has reviewed the Motion [#21],

Plaintiff's Response [#23], the entire case file, and the applicable law, and it is sufficiently

advised in the premises.  For the reasons set forth below, the Court respectfully

**RECOMMENDS** that the Motion be **GRANTED**.

### I.  Summary of the Case

        Plaintiff is an inmate at the Colorado Department of Corrections ("CDOC") Sterling

Correctional Facility ("Sterling").  On October 20, 2010, he filed a Complaint [Docket No. 3] alleging that Defendants violated his Fourteenth Amendment right to receive due process before being deprived of property.  *Complaint* [#3] at 5.  Plaintiff alleges that Defendants denied him due process by initiating, presenting, and adjudicating a CDOC Code of Penal Discipline ("COPD") proceeding against him.  *Id.*  At the conclusion of this proceeding, Plaintiff was convicted of violating the COPD, and he was ordered to pay restitution in the amount of $960.00.  *Id.*  Plaintiff contends that his conviction and the restitution order were invalid because they were not supported by "some evidence," as required by *Superintendent v. Hill*, 472 U.S. 445 (1985).  *Id.*  He explains as follows: "My conviction [at the disciplinary hearing] was secured despite there being no evidence that I acted intentionally or recklessly.  As such, the conviction and resulting restitution imposed constitute a deprivation of property without due process."  *Id.* at 4.  Plaintiff seeks "punitive damages to ensure that neither [he] nor any other inmate will again be subjected  to" a COPD proceeding that results in a "deprivation of property without due process."  *Id.* at 8. He also seeks "recovery of costs and fees incurred in the pursuit of this matter" and "any other relief the Court deems appropriate."  *Id.*  In his Response, Plaintiff clarifies that he does not seek compensatory damages.  *Response* [#23] at 1.

Plaintiff alleges the following facts in support of his claim.  On May 4, 2009, Plaintiff was accused by Defendant Garcia of "breaking a wire whip" in the Sterling kitchen.  *Id.* at 5.  Defendant Garcia memorialized his accusation in a report.  *Id.*  On May 14, 2009, Defendant Bolt reviewed the report and formally charged Plaintiff with violating the COPD by damaging CDOC property "intentionally or through recklessness."  *Id.*  On May 19, 2009, a disciplinary hearing on this charge was held before a "hearing officer," Defendant Zwirn.

*Id.* at 6.  Defendant Bolt acted as the "disciplinary officer" at the hearing, i.e., he presented the charge to Defendant Zwirn.  *Id.*  Plaintiff does not allege that Defendant Garcia was present at the disciplinary hearing.

At the conclusion of the hearing, Defendant Zwirn found Plaintiff guilty of violating the COPD.  *Id.*  He ordered Plaintiff to pay $960.00 in restitution.  *Id.*  This amount "was deducted from [Plaintiff's] inmate account."  *Id.* at 3.  On May 22, 2009, Defendant Milyard affirmed the conviction "and the imposition of restitution for damage to property."  *Id.* at 6.  Plaintiff appealed his conviction and the restitution order to Defendant Soares.  *Id.*   On June 25, 2009, she affirmed the decision of Defendants Zwirn and Milyard.

On July 27, 2009, Plaintiff filed an action, Case No. 09CV106, in Logan County District Court pursuant to Colo. R. Civ. P. 106 challenging CDOC's deduction of $960.00 from his inmate account.  *Id.* at 3 & 7.  On December 18, 2009, the court entered judgment in favor of Plaintiff and ordered CDOC to return $960.00 to Plaintiff's inmate account.  *Id.*; *Response* [#23] at 3 (stating that "the Defendants were ordered by the state court district judge to reimburse me").  CDOC has now returned $960.00 to Plaintiff.  *Response* [#23] at 2-3 ("I've been reimbursed for what I was deprived of."); *see Motion* [#21] at 7 n.3 (stating that "undersigned counsel's investigation into this matter revealed that the amount of the restitution imposed was immediately credited to Plaintiff's inmate account after the state district court overturned the COPD conviction in late 2009").

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its

jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can

be granted.").  To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __ , 129 S. Ct. 1937, 1949 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotations omitted).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

When considering Plaintiff's Complaint [#3] and Response [#23], the Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural

rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

In this case, Defendants' Motion to Dismiss [#21] mounts a facial attack on Plaintiff's Complaint [#3] pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).  Accordingly, the Court accepts the facts alleged in the Complaint as true for the purpose of resolving the Motion to Dismiss.  *See Holt*, 46 F.3d at 1002; *Mobley*, 40 F.3d at 340; *Motion* [#21] at 2-3. Defendants contend that the Complaint should be dismissed because (A) the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims against them in their official capacities, (B) Plaintiff has not stated a claim that they violated his Fourteenth Amendment right to receive due process, (C) they are entitled to qualified immunity from liability for any violation of Plaintiff's right to receive due process that they may have committed, and (D) Plaintiff has not alleged that they acted with the mental state required to make them liable for punitive damages.  The Court addresses Defendants' contentions in turn.

### A.      Lack of Subject-Matter Jurisdiction

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants contend that the doctrine of sovereign immunity bars the Court from exercising subject-matter jurisdiction over Plaintiff's claims against them in their official capacities.  *See Complaint* [#3] at 3 (stating that "each Defendant is sued individually and in his and her official capacity").  The Court agrees.

"Suits against state officials in their official capacity should be treated as suits against the state."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159,  166 (1985)); *see also Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (State officers sued in their official capacity are not "persons" subject to suit under 42

U.S.C. § 1983.).  The doctrine of sovereign immunity bars "a citizen from suing his own State under the federal-question head of [subject-matter] jurisdiction." *Alden v. Maine*, 527 U.S. 706, 727 (1999) (citing *Hans v. Louisiana*, 134 U.S. 1, 14-15 (1890)); *see generally id.* at 728 (noting that "sovereign immunity derives not from the Eleventh Amendment but from the structure of the original Constitution itself" (citations omitted)).  The doctrine applies whether the relief sought is legal or equitable, *Papasan v. Allain*, 478 U.S. 265, 276 (1986), and it "confers total immunity from suit, not merely a defense to liability," *Ambus v. Granit Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993).  Accordingly, the Court lacks subject-matter jurisdiction to adjudicate an action brought by a citizen of Colorado against the state of Colorado, its agencies, or its officials in their official capacity. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  However, the doctrine of sovereign immunity does not bar "a suit brought in federal court seeking to prospectively enjoin a state official from violating federal law." *Id.* (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1980)).

In this case, Plaintiff invokes the Court's subject-matter jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1983 and requests punitive damages. *Complaint* [#3] at 4 & 8. The doctrine of sovereign immunity applies to 42 U.S.C. § 1983 actions. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Thus, to the extent that Plaintiff requests punitive damages from Defendants in their official capacities, his claims are barred.  Plaintiff does not request any specific prospective injunctive relief from Defendants in their official capacities. Accordingly, the Court recommends that Plaintiff's claims against Defendants in their official capacities be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

**B.      Failure to State a Violation of the Fourteenth Amendment**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants contend that Plaintiff has failed to state a claim that they violated his Fourteenth Amendment right to receive due process. *Motion* [#21] at 6-8.  As discussed below, whether the allegations in the Complaint state a claim is an unsettled question in this Circuit.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV, § 1.  Plaintiff contends that his property interest in the funds in his inmate account is protected by this guarantee.  *Complaint* [#3] at 5.  Plaintiff cites *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), in support of this contention.  *Id.*  In *Gillihan*, the Court of Appeals for the Tenth Circuit held that a state prisoner's property interest in the funds in his prison trust account is protected by the Due Process Clause of the Fourteenth Amendment.  872 F.2d at 939.  The court explained that "it has long been recognized that rights in property are basic civil rights."  *Id.* (citing *Lynch v. Household Fin. Corp.*, 405 U.S. 538, 552 (1972)).  Thus, the court concluded that 42 U.S.C. § 1983 "does not distinguish between personal liberties and property rights, and a deprivation of the latter without due process gives rise to a claim under § 1983."  *Id.* (citing *Lynch*, 405 U.S. at 549). In this case, Plaintiff's claim that Defendants deprived him of property – $960.00 – without due process is predicated on *Gillihan*'s recognition of funds in a prison trust account as "property" within the meaning of the Due Process Clause of the Fourteenth Amendment.

Plaintiff's reliance on *Gillihan* is misplaced.  The Court of Appeals for the Tenth Circuit recently stated that "*Gillihan*'s holding that prisoners have a protected property interest in the funds in their prison trust account is no longer good law."  *Clark v. Wilson*,

625 F.3d 686, 691 (10th Cir. 2010).  The Court of Appeals explained that the reasoning in *Gillihan* was based on the Supreme Court's decision in *Hewitt v. Helms*, 459 U.S. 460, 471-72 (1983).  *Id.*  In *Hewitt*, the Supreme Court established a methodology for determining whether a prisoner's professed property interest is protected by the Due Process Clause of the Fourteenth Amendment.  This methodology focused "the inquiry on whether a state 'used language of an unmistakably mandatory character' that 'demands a conclusion that the state has created' a protected property interest."  *Clark*, 625 F.3d at 690 (quoting *Hewitt*, 459 U.S. at 471-72).

Six years after *Gillihan* was decided, the Supreme Court expressly rejected the *Hewitt* methodology for determining whether a prisoner's professed *liberty* interest is protected by the Due Process Clause of the Fourteenth Amendment in *Sandin v. Conner*, 515 U.S. 472 (1995).  Although *Sandin* addressed only the methodology for considering due process protection for a professed *liberty* interest, the Court of Appeals for the Tenth Circuit stated in *Clark* that "we interpret [*Sandin*] to extend the same analysis to protected property interest inquiries." 625 F.3d 691.  Because *Gillihan* decided that funds in a prison trust account were a protected property interest by using the *Hewitt* methodology and not the *Sandin* methodology, the Court of Appeals abrogated *Gillihan*.  *Id.*

In the wake of *Clark*, it is not clear whether a state prisoner in the Tenth Circuit has a property interest in the funds in his prison trust account that is protected by the Due Process Clause of the Fourteenth Amendment.  The Court of Appeals has not applied the *Sandin* methodology to determine whether a state prisoner has a protected property interest in such funds.  *Id.* (stating that "we cannot find [plaintiff] has a protected property interest in the [funds in his prison trust account] without first applying the *Sandin* test to his

claim"); *id.* (noting that as of September 6, 2007, neither the Supreme Court nor any Court of Appeals had applied *Sandin* to answer the question of whether a state prisoner has a protected property interest in the funds in his prison trust account). Accordingly, the question remains open in this Circuit.[1]

This open question need not be answered in this case. As explained below in Part III.C, the fact that the law in this Circuit was unsettled at the time of Defendants' alleged constitutional violation entitles them to qualified immunity from liability.

### C.   Qualified Immunity

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants contend that they are entitled to qualified immunity from liability in their individual capacities. *Motion* [#21] at 8-10. The Court agrees.

A government official is entitled to qualified immunity from liability for civil damages when his allegedly unlawful conduct did not violate any of the plaintiff's statutory or constitutional rights that (1) were "clearly established" at the time of the conduct, and (2) would have been known to a reasonable person in the official's position. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (stating that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"). The Supreme Court has stated that "[f]or

---

[1] At least one federal court of appeals has concluded, after *Sandin*, that "inmates have a property interest in funds held in prison accounts," and that they "are entitled to due process with respect to any deprivation of money" from these accounts. *Burns v. PA Dep't of Corr.*, 544 F.3d 279, 286 (3d Cir. 2008) (internal quotation marks omitted); *see Clark*, 625 F.3d at 691 n.4.

executive officials in general . . . our cases make plain that qualified immunity represents the norm." *Id.* at 807. Thus, a government official is entitled to qualified immunity in "[a]ll but the most exceptional cases." *Harris v. Bd. of Educ. of the City of Atlanta*, 105 F.3d 591, 595 (11th Cir. 1997).

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [government official] that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999) ("[T]he right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established.")). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or [Court of Appeals for the] Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992), *overruled in part on other grounds by Williams v. City & County of Denver*, 99 F.3d 1009, 1014-15 (10th Cir. 1996). In other words, there must be case law in which a constitutional violation was found based upon similar conduct. *See* Clark, 625 F.3d at 690 (explaining that the qualified immunity analysis is not meant to be "'a scavenger hunt for prior cases with precisely the same facts,'" but a "'more relevant inquiry [into] whether the law put officials on fair notice that the described conduct was unconstitutional'" (quoting *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007)); *Callahan v. Millard County*, 494 F.3d 891, 901 (10th Cir. 2007).

In this case, at the time $960.00 was deducted from Plaintiff's inmate account, neither the Supreme Court nor the Court of Appeals for the Tenth Circuit had applied

*Sandin* to determine whether a state prisoner's property interest in the funds in his prison trust account is protected by the Fourteenth Amendment Due Process Clause. *See Clark*, 625 F.3d at 691-92. Thus, when Defendants caused $960.00 to be withdrawn from Plaintiff's inmate account, they "did not violate a clearly established constitutional right and hence [are] entitled to qualified immunity." *Id*. Accordingly, the Court recommends that Plaintiff's claims against Defendants be dismissed with prejudice.[2]

### D. Punitive Damages

Having found that Defendants are entitled to qualified immunity from liability, the

---

[2] The dismissal of an action "pursuant to Rule 12(b)(6) is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992); *accord Brierly v. Schoenfeld*, 781 F.2d 838 (10th Cir. 1986) (affirming a district court decision to dismiss with prejudice an action brought under 42 U.S.C. § 1983); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice"); *Tepper v. Van Dam*, 974 F.2d 1345, 1992 WL 219037, at *3-4 (10th Cir. Sept. 9, 1992) (unpublished table decision) (relying on *Okusami, Brierly,* and *Cortec* to affirm dismissal of an action with prejudice). However, due to heightened concerns when the plaintiff is proceeding *pro se*, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *see also Brereton*, 434 F.3d at 1219 ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.") (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997))). Even as courts are careful to protect the rights of *pro se* plaintiffs, they typically find that granting the opportunity to amend would be futile. *See, e.g., Arocho v. Nafziger*, 367 F. App'x at 955 (describing a set of circumstances under which giving a plaintiff an opportunity to amend his complaint would not be futile as "unique"); *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (prejudice should not attach to a dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise *substantial* issues" (emphasis added)); *but see Gee v. Pacheco*, __ F.3d __, 2010 WL 4909644, at *5 (10th Cir. Oct. 26, 2010) ("[O]rdinarily the dismissal of a *pro se* claim under Rule 12(b)(6) should be without prejudice, and a careful judge will explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint." (citations omitted)).

Here, no amendment to Plaintiff's Complaint would change the fact that the law regarding Fourteenth Amendment Due Process Clause protection for Plaintiff's funds in his inmate account was unsettled at the time $960.00 was deducted from the account. Thus, no amendment to the Complaint could alter Defendants' entitlement to qualified immunity.

Court need not address whether Plaintiff has failed to state a claim for punitive damages. Nevertheless, the Court briefly sets out its agreement with Defendants' contention that the Complaint fails to state a claim because it "does not contain sufficient allegations to demonstrate [that they acted with] the requisite knowledge or callous indifference." *Motion* [#21] at 4.

Punitive damages are available in a 42 U.S.C. § 1983 action when "the defendant's conduct is shown to be motivated by evil motive or intent, or when if involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56; *see also Soderbeck v. Burnett County*, 752 F.2d 285, 291 (7th Cir. 1985) (stating that "punitive damages . . . are reserved for cases where the wrongfulness of the defendant's conduct is conspicuous, implying that its wrongfulness is apparent to the person who engages in it, and not just to a lawyer").

In this case, Plaintiff's Complaint fails to allege the mental state of any of the Defendants at the time of their allegedly unlawful conduct. Thus, Plaintiff has not pled that Defendants acted with "evil motive or intent" or "reckless or callous indifference" to his rights. *Smith*, 461 U.S. at 56. Accordingly, Plaintiff has not stated a claim for punitive damages under 42 U.S.C. § 1983. While this pleading deficiency might be easily corrected if Plaintiff is granted leave to amend his Complaint, granting such leave is unnecessary because Defendants are entitled to qualified immunity. *See supra* part III.C.

### IV.  Conclusion

For the foregoing reasons, I respectfully **RECOMMEND** that Defendants' **Motion to Dismiss** [#21] be **GRANTED**.  Accordingly,

I FURTHER **RECOMMEND** that this case be **DISMISSED with prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  March 10, 2011

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge